23-7771-cv
*Klein v. Brookhaven Health Care Facility*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of December, two thousand twenty-four.

Present:

>ROBERT D. SACK,
>WILLIAM J. NARDINI,
>EUNICE C. LEE,
>>*Circuit Judges.*

_____

ROBERT KLEIN,

>*Plaintiff-Appellant,*

>v.                                                                                  23-7771-cv

BROOKHAVEN HEALTH CARE
FACILITY (BHCF), THE MCGUIRE
GROUP (TMG),

>*Defendants-Appellees.*

_____

| | |
|---|---|
| For Plaintiff-Appellant: | ROBERT KLEIN, *pro se*, Westcliffe, CO. |
| For Defendants-Appellees: | ERIN S. TORCELLO, Bond Schoeneck & King, Buffalo, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Joanna Seybert, *District Judge*).

1

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Robert Klein appeals from a judgment entered by the United States District Court for the Eastern District of New York (Joanna Seybert, *District Judge*) on October 11, 2023, granting summary judgment for Defendants-Appellees Brookhaven Health Care Facility ("Brookhaven") and The McGuire Group. Klein sued Brookhaven, his former employer, and The McGuire Group, which owns Brookhaven, alleging (among other things) that he was fired because of his age, in violation of the antidiscrimination and antiretaliation provisions of the Age Discrimination in Employment Act ("ADEA"), and because he had reported numerous unsafe workplace practices and conditions, in violation of New York Labor Law ("NYLL") § 740(2)(a), a whistleblower statute. Brookhaven and The McGuire Group moved for summary judgment. Adopting a report and recommendation by a magistrate judge, the district court granted that motion, concluding that the record did not support Klein's claim that he was discriminated or retaliated against on the basis of his age or in response to his workplace reports. Klein now appeals. We assume the parties' familiarity with the case.

"We review a district court's grant of summary judgment *de novo*." *Kravitz v. Purcell*, 87 F.4th 111, 118 (2d Cir. 2023).[1] Summary judgment is appropriate when a court concludes, after construing the evidence in the light most favorable to the opposing party and drawing all reasonable inferences in the opposing party's favor, that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Hayes v. Dahlke*, 976 F.3d 259, 267 (2d Cir. 2020); *see* Fed. R. Civ. P. 56(a). Because Klein is proceeding *pro se*, we liberally

---

[1] Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

construe his submissions as raising the strongest arguments that they suggest. *See Kravitz*, 87 F.4th at 119.

After careful review of the district court's decision, the summary judgment record, and the briefs on appeal, we affirm for substantially the same reasons set forth in the district court's opinion and the magistrate judge's report and recommendation. We address two considerations.

First, we agree with the district court that Klein has not created a genuine dispute of material fact sufficient to defeat summary judgment on his claims that his age and workplace safety complaints were but-for causes of his firing. *See Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 169 (2d Cir. 2014). In agreeing with the district court that there is no genuine dispute of material fact, we do not decide whether he was guilty of the misconduct alleged, or whether his termination was the product of a fair or thorough process. Even assuming that Klein is correct that there are reasons to question the result of Brookhaven's investigation, Klein has not connected those alleged shortcomings to a discriminatory or retaliatory animus. Thus, on this record, Klein has not met his burden to produce evidence sufficient to create a genuine issue for trial. *See Scott v. Harris*, 550 U.S. 372, 380 (2007).

Second, during the pendency of this action, NYLL § 740(2)(a) was amended to reach not only retaliatory action against employees who report "an activity, policy or practice of the employer that is in violation of law, rule or regulation which violation creates and presents a substantial and specific danger to the public health or safety," *id.* § 740(2)(a) (2020), but also "an activity, policy or practice of the employer that the employee *reasonably believes* is in violation of law, rule or regulation *or* that the employee *reasonably believes* poses a substantial and specific danger to the public health or safety," *id.* § 740(2)(a) (2022) (emphases added). Klein did not raise the implication of this amendment, if any, in his brief, so that argument is abandoned. *See Green*

3

*v. Dep't of Educ. of City of N.Y.*, 16 F.4th 1070, 1074 (2d Cir. 2021) (an issue that a *pro se* litigant does not mention in his opening brief on appeal is abandoned and need not be addressed). But even if he had raised the amendment, and assuming that it applies retroactively, Klein has not established the necessary causal connection between his various reports of misconduct prior to 2016 and his termination. *See Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 843–44 (2d Cir. 2013). The reports are too distant in time to support a causal connection based on temporal proximity. Though Klein's 2016 reports of employee misconduct would be close enough in time to his termination to suggest a causal connection, those reports could not have been made under the reasonable belief that the misconduct was an "activity, policy or practice" of Brookhaven, as required under § 740(2)(a). Similarly, the reported misconduct would not create a reasonable belief of "a substantial and specific danger to the public health or safety." NYLL § 740(2)(a).

\* \* \*

We have considered Klein's remaining arguments and find them to be unpersuasive. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk